**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MAUDETTE "MEG" BLASE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 02-1281-MLB |
| ) | |
| **AT&T CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

The court conducted a telephone conference to address plaintiff's "motion for leave to conduct additional discovery" (Doc. 143) on July 18, 2005. Valerie Chrissakis, Michael Farley, and Charles Benjamin appeared on plaintiff's behalf. Timothy Finnerty, Samantha Ho, and Carrie Josserand appeared for defendants. For the reasons set forth below, the motion is GRANTED IN PART.

**Background**

This case has a tortured history and the following background provides the relevant context for plaintiff's motion. Highly summarized, the record reflects that plaintiff filed this action in August 2002 claiming damages caused by defendants' installation of a fiber optic cable on her land. Proceedings were delayed approximately one year by defendant C&B's filing of bankruptcy. When this case resumed, after the stay was lifted, the parties engaged in

limited discovery and then mediated the case before an experienced mediator (Tom Berscheidt) in November 2003. The mediation was unsuccessful and plaintiff's counsel was allowed to withdraw soon thereafter.

Proceeding pro se, plaintiff filed numerous motions and documents seeking extensions of time based on (1) her efforts to secure new counsel and (2) claims of health problems. Although many of the requests for extensions of time were granted, the court declined plaintiff's request for an indefinite stay and entered (1) a scheduling order and (2) a final pretrial hearing date. (Doc. 89). The final pretrial hearing was rescheduled for June 17, 2005 with the admonition that plaintiff must proceed, with or without counsel, and that the pretrial conference would not be continued. (Doc.133). A few days before the June 17 conference, plaintiff finally retained counsel to represent her. Their appearances were filed June 14 and June 21, 2005. Plaintiff's counsel participated in the June 17 conference by phone and, at the court's direction, filed the present motion to conduct additional discovery.

**Motion to Conduct Additional Discovery**

The standard for allowing a party to reopen or conduct additional discovery is well established in the Tenth Circuit. The district court has

> wide discretion in its regulation of pretrial matters ... [and] a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error in judgment or exceeded the bounds of permissible choice in the circumstances.

Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990)(citations omitted). Factors

the court may consider in determining whether to reopen discovery include:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

Id.

The first and last factors favor plaintiff because this matter has not been set for trial and discovery will likely lead to relevant evidence. However, the remaining factors weigh decisively against plaintiff's motion because (1) defendants oppose the motion, (2) defendants will suffer some prejudice, (3) plaintiff was not diligent in obtaining discovery, and (4) plaintiff was granted more than sufficient time to conduct discovery.[1]

After weighing the above factors, the court is of the opinion that some additional discovery should be permitted. However, because plaintiff was not diligent in securing counsel and conducting discovery, the court concludes that the additional discovery should be more limited than requested by plaintiff.[2] For example, plaintiff requests leave to take the

---

[1] The prejudice is evidenced by the delay and additional expense imposed on defendants. For example, the passage of time makes it more difficult for defendant C&B to locate its former employees. Additionally, defendants complied with the discovery deadlines and now, after she has seen their expert reports and defenses, plaintiff essentially requests permission to *commence* discovery.

[2] Plaintiff filed a motion for a change of venue to the Eastern District of California on *January 8, 2004* and represented that (1) Michael Farley (her present counsel) contacted AT&T concerning damages to the property *before* this lawsuit was filed and (2) *his files were never closed.* (Doc. 54, attachment 2). Plaintiff offers no explanation for Mr. Farley's belated entry of appearance in this case.

-3-

depositions of six individuals who were employed by or provided consulting services to defendants during the cable installation on plaintiff's property. Given the passage of time and the expense defendants have already incurred in defending this case, such a request is excessive under the circumstances. Moreover, plaintiff made frequent on-sight visits during the installation of the cable and is fully capable of describing the construction process and damage to her property. At this late date, plaintiff shall be limited to the taking of one AT&T employee deposition (Peggy Womack).

Plaintiff also requests permission to supplement her expert reports and to add three new experts. The court will permit plaintiff to supplement her surveyor's expert report because there is a dispute with defendants' survey. The supplementation is granted so that the parties can narrow, if not resolve, factual issues related to the boundaries of plaintiff's property and the actual location of the cable. The court will also allow one expert (Mr. Fraiser) concerning damages to plaintiff's property. Plaintiff's request for two additional damage experts is excessive.

Plaintiff also requests permission to supplement her forestry expert's report (Steven Lindsey). The court denies this request. The supplementation of Mr. Lindsey's report was the subject of a prior hearing (January 14, 2004) and plaintiff was ordered to file a motion to supplement her expert reports no later than February 14, 2004. (Doc. 56). The time for filing such a motion has long passed.

Accordingly, plaintiff's motion to conduct additional discovery shall be granted in part and limited to the following:

1. Plaintiff is granted leave to take the deposition of Peggy Womack, an AT&T employee. The deposition is limited to four hours and shall be taken by telephone.

2. Plaintiff is granted leave to supplement the report of her surveyor, Ronald Albertini.

3. Plaintiff is granted leave to designate a new expert, Curtis Fraiser, for testimony concerning the diminution in value of plaintiff's land and/or rebuttal testimony concerning defendants' real estate appraisal.

4. Plaintiff shall serve Mr. Albertini's supplemental report and Mr. Fraiser's Rule 26(a)(2) report and disclosures by **August 18, 2005.** All other requests by plaintiff to supplement or add new experts are denied.

6. Defendants are granted 30 days to review plaintiff's expert reports and shall supplement their expert disclosures, if necessary, by **September 19, 2005.**

7. Plaintiff is granted leave to take the deposition of Donald Fleury, defendants' surveyor. The deposition shall be (1) limited to two hours, (2) conducted by telephone, and (3) taken after plaintiff has produced Mr. Albertini's supplemental report.

8. The depositions of the above listed witnesses shall be scheduled and completed by **October 5, 2005.**

9. Although the parties are encouraged to continue settlement discussions, the court will not require formal mediation at this time.

**IT IS THEREFORE ORDERED** that plaintiff's motion to conduct additional discovery **(Doc. 143)** is **GRANTED IN PART** and limited to the rulings set forth herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of July 2005.

                                                  S/ Karen M. Humphreys

                                                  _____
                                                  KAREN M. HUMPHREYS
                                                  United States Magistrate Judge