IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MAUDETTE "MEG" BLASE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 02-1281-MLB |
| ) | |
| **AT&T CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to "strike and exclude expert witness testimony" (Doc. 155) and plaintiff's motion to "augment her expert witness designations" (Doc. 158). For the reasons set forth below, defendants' motion shall be GRANTED IN PART and plaintiff's motion shall be DENIED.

### Background

The following chronology of events reflects the tortured history of this case and provides necessary context for the pending motions. Plaintiff filed this action in August 2002 claiming damages caused by defendants' installation of a fiber optic cable on her land. Proceedings were delayed approximately one year by defendant C&B's filing of bankruptcy. After the automatic stay was lifted, the case resumed, and, the parties engaged in limited

discovery. They then mediated the case with an experienced mediator (Tom Berscheidt) in November 2003. The mediation was unsuccessful and plaintiff's counsel was allowed to withdraw soon thereafter.

Proceeding pro se, plaintiff filed numerous motions and documents seeking extensions of time based on (1) her efforts to secure new counsel and (2) her health problems. Although many of the requests for additional time were granted, the court declined plaintiff's request for an indefinite stay and entered (1) a scheduling order and (2) a final pretrial hearing date. (Doc. 89). The final pretrial hearing was rescheduled for June 17, 2005 with the admonition that plaintiff must proceed, with or without counsel, and that the pretrial conference would not be continued. (Doc.133). A few days before the June 17 conference, plaintiff retained counsel.

Plaintiff's counsel participated in the June 17 conference by phone and orally requested permission to reopen discovery. The court denied the oral request and directed plaintiff to file a written motion containing a detailed explanation of: (1) the witnesses to be deposed and the rationale for the deposition, (2) the rationale for belatedly adding new expert witnesses and their names, (3) the supplementation plaintiff believed necessary to correct previously produced expert witness disclosures, and (4) a timetable for the completion of plaintiff's discovery. (Doc. 137).

Plaintiff filed a written motion as directed and requested the reopening of discovery to (1) depose seven fact witnesses and three expert witnesses, (2) designate three new expert witnesses, and (3) supplement the report of her forestry expert (Steven Lindsey) and surveyor

(Ronald Albertini). (Doc. 143). Because (1) plaintiff had not been diligent in securing counsel and conducting discovery and (2) defendants were prejudiced by plaintiff's delays, the court granted plaintiff only limited additional discovery. (Doc. 149, filed July 21, 2005). Specifically, the court granted plaintiff leave to (1) depose one fact witness (Peggy Womack, an AT&T employee) by phone, (2) supplement the report of her surveyor (Ronald Albertini), (3) designate one new expert (Curtis Frazier, a real estate appraiser), and (4) depose defendants' surveyor (Donald Fleury). (Doc. 149). Plaintiff's request to supplement her forestry expert's report was expressly denied.[1] Plaintiff did not appeal or seek reconsideration of the July 21, 2005 ruling which limited discovery and also established firm deadlines.

Approximately three months later (on October 18, 2005), plaintiff served defendants with a supplemental expert report by her forestry expert, Mr. Lindsey. The supplemental report was served after the deadline for completion of discovery and while the parties were drafting the final pretrial order.[2] Defendants move to strike the supplemental report as a violation of the court's July 21 Order. Defendants also move to strike testimony by plaintiff's appraiser "that is beyond Mr. Frazier's expertise." Plaintiff urges the court to allow the supplemental reports and also moves for the addition of an expert on utility

---

[1] The court ordered plaintiff to serve her surveyor and her appraiser's supplemental reports by August 18, 2005 and expressly denied "all other requests by plaintiff to supplement or add new experts." (Doc. 149).

[2] The pretrial conference was scheduled for October 28, 2005.

easements. The parties' motions and arguments are discussed in greater detail below.

## Defendants' Motion to Strike (Doc. 155)

### 1. Steven Lindsey's October 18, 2005 Supplemental Report

As noted above, the issue of whether Steven Lindsey, plaintiff's forestry expert, would be permitted to supplement his expert report was previously raised in plaintiff's motion to reopen discovery (Doc. 143) and denied by this court on July 21, 2005. (Doc. 149).[3] Notwithstanding this ruling, Mr. Lindsey reinspected the property on August 5, 2005 and plaintiff served his supplemental report on October 18, 2005.[4]

Defendants' motion to strike Mr. Lindsey's supplemental report is summarily granted based on plaintiff's unequivocal violation of the court's July 21 Order. If she did not agree with the ruling, plaintiff's remedy was to appeal the order or seek reconsideration. Instead, plaintiff ignored the ruling and served her supplemental report *after* the deadline for

---

[3] In addition to plaintiff's written arguments and suggestions, the court conducted a hearing on the motion on July 18, 2005.

[4] The issue of supplementing expert witness reports was first raised by plaintiff in early 2004 and the court established a February 14, 2004 deadline for plaintiff to move to supplement her expert disclosures (including Mr. Lindsey's report). (Doc. 56). Rather than comply with the order, plaintiff filed numerous letters and documents with the court concerning her health and efforts to secure counsel. The court issued a revised scheduling order on March 10, 2004 requiring plaintiff to provide her expert reports by June 1, 2004 and to supplement expert reports "40 days before the completion of all discovery." (Doc. 89). Because the deadline for the completion of discovery had long passed when new counsel appeared at the June 17, 2005 pretrial conference, the court allowed only limited discovery.

completion of discovery and while the parties were preparing for the final pretrial conference.[5] Under the circumstances, defendants' motion to strike Steven Lindsey's supplemental report is GRANTED.

## 2. Curtis Frazier's Report

Mr. Frazier, a real estate appraiser, has prepared and served an expert report concerning the diminution in value of plaintiff's property. His report relies heavily on the opinions of (1) Dennis Meier and Chris Beiber (concerning environmental damage to a pond), (2) Steven Lindsey (concerning timber damage and replacement costs), and (3) Gary Huneycutt (concerning cleanup and repairs to the property). Defendants argue that the court should strike portions of Mr. Frazier's report and anticipated testimony because "the majority of Mr. Frazier's damage calculations rely on the undisclosed and inadmissible opinions of other expert witnesses" in violation of Fed. R. Evid. 702 and 703. Plaintiff counters that Mr. Frazier's report and the opinions expressed therein are proper under Fed. R. Evid. 703.

Although styled as a "motion to strike," the issues raised by defendants' motion are more appropriately addressed by the trial judge in a Daubert motion and/or motion in limine. Accordingly, the motion to strike Frazier's report shall be DENIED WITHOUT PREJUDICE.

---

[5] Plaintiff's response brief does not address defendants' arguments or even acknowledge the court's July 21 Order concerning Mr. Lindsey.

**Plaintiff's Motion to Augment Her Expert Witness Designations**

Plaintiff moves to designate a new expert witness, Robert Carney, to provide expert testimony concerning (1) the legal interpretation of the "ambiguous" 1985 easements and (2) whether defendants were negligent in the cable installation.  In support of her motion, plaintiff argues that (1) the testimony would be helpful to the jury, (2)  no trial date has been set, (3) plaintiff should not be penalized for proceeding pro se, and (4) "justice" is served by allowing this new expert.

Again, the difficulty with plaintiff's request is that Mr. Carney was the subject of plaintiff's prior motion to reopen discovery (Doc. 143, filed July 1, 2005) and the court denied plaintiff leave to add him as an expert witness.  (Doc. 149, filed July 21, 2005).  As noted above, plaintiff did not appeal the July 21 ruling or move for reconsideration.  *Four months passed* before plaintiff again moved to add Mr. Carney.  The motion was filed *after the close of discovery* and *after the final pretrial conference.*  The court declines to revisit its prior ruling and plaintiff's most recent motion is simply untimely.[6]  Accordingly, plaintiff's motion shall be DENIED.

---

[6] Plaintiff's argument that no trial date has been set is disingenuous.  The trial date is not set until after the pretrial conference and plaintiff has twice waited until the final pretrial conference before seeking to add new witnesses and/or engage in additional discovery.  Plaintiff's dilatory conduct is the reason this case has not been set for trial and the absence of a trial date provides no support for plaintiff's motion.

## Summary

At first blush the court's rulings may appear harsh. However, when the totality of the circumstances are taken into account, the inescapable conclusion is that limits must be imposed so that this case can be finally resolved, either by summary judgment motion, settlement, or trial. Plaintiff, a California resident with real estate experience, purchased the property in question in 1988 as an investment with knowledge that easements existed on the property. The construction which is the subject of this lawsuit began in 2000 and plaintiff frequently visited her property during the project and complained about unnecessary damage to the land, trees, a spring, and a pond. Because the parties were unable to resolve their disagreements over the proper location of the utility easement and the nature and extent of the damages, this lawsuit was filed on August 12, 2002.[7]

The fact that plaintiff proceeded pro se for a period of time does not justify open-ended discovery and/or the failure to comply with court orders.[8] This is not a complex case

---

[7] Initially, defendants attempted to accommodate plaintiff's complaints and made some repairs and modifications. The record is unclear whether plaintiff ordered defendants to stop the repair work or defendants concluded that they could never satisfy plaintiff. The court expresses no opinion concerning the merits of plaintiff's claims other than to note that the controversy has existed for five years and this lawsuit has been on file for over three years.

[8] There is no evidence that plaintiff is or was financially unable to employ counsel. Moreover, plaintiff filed a motion on *January 8, 2004* and represented that (1) Michael Farley (her present counsel) contacted AT&T concerning damages to the property *before* this lawsuit was filed and (2) *his files were never closed.* (Doc. 54, attachment 2). Plaintiff has never offered any explanation for Mr. Farley's belated entry of appearance in this case in June 2005.

and plaintiff has had more than ample opportunity to prepare her case.[9]  Under the circumstances, the deadlines and orders in this case must be enforced and the issues proceed to final resolution.

**IT IS THEREFORE ORDERED** that defendants' motion to strike Steven Lindsey's supplemental expert opinion **(Doc. 155-1)** is **GRANTED.**  Defendants' motion to strike portions of Curtis Frazier's opinion and testimony **(Doc. 155-2)** is **DENIED WITHOUT PREJUDICE.**  Defendants may challenge Mr. Frazier's opinion by filing a Daubert motion and/or a motion in limine.

**IT IS FURTHER ORDERED** that plaintiff's motion to augment her expert witness designations **(Doc. 158)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of December 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[9] Plaintiff's counsel were admonished at the *June 17, 2005* pretrial conference that the request to reopen discovery was exceedingly late and that any discovery, if allowed, would be limited.  Given this admonition, plaintiff's request at the *October 28, 2005* final pretrial conference to engage in additional discovery is particularly troublesome.